1

2

3                           UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6    STEVEN WAYNE BONILLA,                    Case Nos.  20-cv-07783-PJH

7                  Plaintiff,                            20-cv-07784-PJH
                                                         20-cv-07785-PJH
8         v.                                             20-cv-07786-PJH
                                                         20-cv-07788-PJH
9    BRIAN E. HILL, et. al.,                             20-cv-07789-PJH
                                                         20-cv-07790-PJH
10                 Defendants.                           20-cv-07827-PJH
                                                         20-cv-07829-PJH
11                                                       20-cv-07830-PJH
                                                         20-cv-07831-PJH
12                                                       20-cv-07832-PJH

13

14                                          **ORDER DISMISSING MULTIPLE
                                            CASES WITH PREJUDICE**
15

16          Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

17   U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

18   petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

19   YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*

20   *re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

21          In these civil rights cases plaintiff names as defendants' various state courts and

22   state officials.  Plaintiff presents very similar claims in all these cases.  He seeks relief

23   regarding his underlying conviction or how his various pro se habeas petitions and other

24   cases were handled by the state and federal courts.

25          To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

26   he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

27   "under imminent danger of serious physical injury" at the time he filed his complaint.  28

28

United States District Court
Northern District of California

United States District Court
Northern District of California

U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case No. 13-0951 CW.

The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with prejudice.

Furthermore, these are not cases in which the undersigned judge's impartiality might be reasonably questioned due to the repetitive and frivolous nature of the filings. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).

The clerk shall terminate all pending motions and close these cases.  The clerk shall return, without filing, any further documents plaintiff submits in these closed cases.

**IT IS SO ORDERED.**

Dated: November 9, 2020

  */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge